Matter of Tassone (2020 NY Slip Op 02271)





Matter of Tassone


2020 NY Slip Op 02271


Decided on April 9, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ANGELA G. IANNACCI, JJ.


2019-09705

[*1]In the Matter of Patrice Perez Tassone, an attorney and counselor-at-law. (Attorney Registration No. 2084184)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 29, 1986. By order to show cause dated September 24, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing reciprocal discipline upon her for the misconduct underlying the discipline imposed by an order of the Supreme Court of the State of Nevada filed September 22, 2016.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM


OPINION & ORDER
. By order of the Supreme Court of the State of Nevada filed September 22, 2016, upon approval of a conditional plea agreement, the respondent was suspended from the practice of law in that state for six months and one day, effective immediately.
Nevada Proceedings 
On November 25, 2015, the State Bar of Nevada filed a complaint against the respondent, alleging violations of Nevada Rules of Professional Conduct rules 1.15 (safekeeping of property), 1.3 (diligence), 1.4 (communication), 8.4(c) (misconduct-misrepresentation), and 8.4(d) (misconduct-prejudicial to the administration of justice). On May 17, 2016, the respondent entered into a "Conditional Guilty Plea in Exchange for a Stated Form of Discipline" (hereinafter Conditional Guilty Plea), as amended on May 25, 2016.
Pursuant to the Conditional Guilty Plea, the respondent stipulated to the following: The respondent was an active member of the State Bar of Nevada from October 5, 2001, to February 11, 2013, at which time she transferred herself to inactive status. In 2005, she represented five plaintiffs who were injured in a motor vehicle accident that occurred on July 26, 2004. On or about January 25, 2005, the respondent executed a Notice of Lien and Assignment of Proceeds of Claim on behalf of one plaintiff, Esperanza Astorga, in favor of Insight Mountain Diagnostic (hereinafter IMD). On or about January 5, 2005, and February 8, 2006, IMD provided medical services to Astorga. The respondent was aware of IMD's lien and Astorga's use of IMD's services.
On July 25, 2006, the respondent filed a complaint in the Eighth Judicial District Court on behalf of the plaintiffs, including Astorga. On or about November 11, 2008, all of the plaintiffs agreed to a settlement to resolve their claims in the litigation. They each agreed to release their claims in exchange for payment as follows: (1) Santos Gonzalez - $3,472.50; (2) Nancy Leon - $2,182.50; (3) Karla Velasquez - $982.50; (4) Esperanza Astorga - $15,000.00; and (5) Alicia Arriaza - $8,362.50. Claims Professional, Inc., issued checks for each plaintiff on December 4, [*2]2008. The respondent did not disburse any funds to the plaintiffs due, in part, to the fact that the she was unable to locate them. The respondent did not deposit the funds into her attorney trust account, nor did she notify IMD that she had received funds for Astorga. Medi-care Solutions, LLC, a third-party administrator for IMD, contacted the respondent at least three times to request a status update on the litigation. In response to each inquiry, the respondent stated that she was still "negotiating."
On November 21, 2011, the respondent asked Claims Professional, Inc., to re-issue the checks. The checks were re-issued on November 29, 2011, and sent to the respondent. The respondent disbursed a re-issued check to one plaintiff (Gonzalez), but did not disburse the remaining checks because she was unable to locate the remaining plaintiffs. The respondent did not notify IMD that she had received funds for Astorga, deposit the checks into her attorney trust account, or interplead the funds with a court. The respondent simply left the checks in her file uncashed. The respondent closed her law practice on December 31, 2011, without finalizing the payment of the settlement funds to the plaintiffs or their lienholders.
Based on the foregoing, the parties stipulated that the respondent knowingly violated rules 1.15, 1.3, 1.4, and 8.4(c) and (d) of the Nevada Rules of Professional Conduct. It was further stipulated that there were no aggravating factors. As to mitigating factors, the parties stipulated, inter alia, that the respondent had no prior disciplinary history, that she did not harbor a selfish motive, that she was candid and cooperated with the disciplinary proceedings, and that she was remorseful. Finally, it was stipulated that the stated form of discipline would be a suspension for six months and one day, in addition to reimbursing the State Bar of Nevada up to $2,500 of attorneys fees and costs.
Following a hearing on May 25, 2016, a hearing panel accepted the Conditional Guilty Plea. On June 7, 2016, the hearing panel issued "Findings of Fact, Conclusions of Law, and Recommendation After Formal Hearing," which adopted the facts as set forth in the Conditional Guilty Plea and recommended a suspension of six months and one day.
By order filed September 22, 2016, the Supreme Court of the State of Nevada approved the Conditional Guilty Plea, and suspended the respondent for six months and one day, effective immediately. The order further directed that the respondent "reimburse the State Bar up to $2,500 for attorneys fees and costs incurred in retaining an attorney to disburse or interplead the settlement funds" and "pay the costs of the bar proceedings, excluding Bar Counsel and staff salaries, before February 28, 2017."
Order to Show Cause 
By order to show cause dated September 24, 2019, the respondent was directed by this Court to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing reciprocal discipline upon her for the misconduct underlying the discipline imposed by the order of the Supreme Court of the State of Nevada, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court on or before November 15, 2019. Although a copy of the order to show cause was served on the respondent on October 2, 2019, the respondent has not responded or requested additional time in which to do so.
Findings and Conclusion 
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted. Although the respondent has certified her retirement with the New York Office of Court Administration, she is nonetheless subject to discipline. Accordingly, we conclude that a suspension from the practice of law for six months is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and IANNACCI, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Patrice Perez Tassone, is suspended from the practice of law for six months, commencing May 11, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 9, 2020. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted herself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Patrice Perez Tassone, shall comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Patrice Perez Tassone, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Patrice Perez Tassone, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court